RENDERED:  JANUARY 21, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1577-MR

JOHN K. CARTER                                                    APPELLANT

v.
APPEAL FROM OLDHAM CIRCUIT COURT
HONORABLE KAREN A. CONRAD, JUDGE
ACTION NO. 17-CI-00495

OLDHAM COUNTY EXTENSION
DISTRICT; JUDGE EXECUTIVE
DAVID VOEGELE; OLDHAM
COUNTY EXTENSION BOARD;
AND OLDHAM COUNTY,
KENTUCKY                                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, LAMBERT, AND TAYLOR, JUDGES.

CETRULO, JUDGE:  John K. Carter appeals from two orders of the Oldham

Circuit Court granting summary judgment in favor of appellees Oldham County

Extension District and Oldham County Extension Board (collectively "the

Extension District"); David Voegele, Oldham County Judge Executive ("Judge

Voegele"); and Oldham County. We affirm.

The underlying facts of this matter were previously summarized, in

part, by this Court as follows:

> In July of 2017, Julie Barr, the Oldham County Clerk, received a tax rate sheet from [the Extension District] which sought to levy a tax on real property, tangible personal property, watercraft, and motor vehicles. Prior to this date, [the Extension District] had never levied a tax. [The Extension District] had previously been funded through the general county taxes levied by the fiscal court.

> Following the receipt of the tax rate sheet, Barr contacted [Carter] and [Judge Voegele]. Barr asked for instructions on how to proceed as it was her duty to prepare the county tax bills. [Carter] believed that the Extension District was not a taxing district and could not levy its own taxes. [Judge Voegele] informed Barr that he believed the tax was legal and should be included on the tax bills. On August 9, 2017, and in response to this conflicting information, Barr filed a petition for declaration of rights seeking guidance from the circuit court. [Carter], in his official capacity, and all Appellees were named in the action.

> On August 11, 2017, [the Extension District] filed [its] answer and sought a declaratory judgment in its favor. [The Extension District] also sought a writ of mandamus compelling Barr to include the new tax on the tax bills. On August 29, 2017, [Carter], in his official capacity answered the petition. [Carter] also moved to be allowed to proceed individually.

> On September 15, 2017, the [circuit] court entered an order which directed Barr to include the tax on the tax

-2-

bills. The court found that her job was to only list the taxes presented to her on the tax bills. The court further found that she had no duty to contest the legality of the tax, and that this could only be done by an individual taxpayer once the tax has been levied. The court also dismissed [Carter], in his official capacity, from the action because it held that he was not representing the county as an entity. The court believed [Carter] was representing dissenting individual taxpayers, which is not within the mandate of a county attorney. Finally, the court reserved [Carter's] request to be joined to the action in his individual capacity until after the tax bills have been issued. The court stated:

> Upon issuance of the tax bill by the Sheriff's Department, the Court shall entertain the issue of taxpayer challenges to the Extension District tax. The Court will then grant Mr. Carter's motion, as an individual taxpayer, to intervene, and shall schedule a hearing regarding the legality of the tax. The declaratory judgment action shall remain on the docket.

Once the tax bills were issued, [Carter] filed a motion to intervene in his individual capacity as a resident and taxpayer of Oldham County. [Carter] again sought to challenge the validity of the tax. The Extension District objected to the motion. The Extension District argued that [Carter] had a conflict of interest in the case because his interests were adverse to those of his client, Oldham County.

On April 2, 2018, the trial court entered an order which denied [Carter's] motion to intervene. The court held that [Carter's] individual interests conflicted with those of Oldham County and the Oldham County Fiscal Court, and that it would be improper to allow [Carter] to proceed due to this conflict of interest.

-3-

*Carter v. Oldham County Extension Dist.*, No. 2018-CA-000655-MR, 2019 WL 3246490, at *1-2 (Ky. App. Jul. 19, 2019) (footnotes omitted).

This Court affirmed the judgment of the circuit court as to Carter's ability to pursue this action in his official capacity. However, this Court reversed and remanded as to Carter's ability to pursue this action in his individual capacity and held that Carter, individually, should be permitted to intervene. On remand, all parties filed motions for summary judgment. After extensive briefing and oral arguments, the circuit court granted summary judgment in favor of the Extension District, Judge Voegele, and Oldham County. Carter's motion for summary judgment was denied. This appeal followed.

At the outset, in this appeal, the Extension District requests we strike Carter's brief, or alternatively, review for manifest injustice only. Carter argues his appellant brief fully complied with CR[1] 76.12 both in letter and spirit. As the proper interpretation of statutes is an issue of law, the Court of Appeals' review is generally *de novo*. *Clark County Att'y v. Thompson*, 617 S.W.3d 427 (Ky. App. 2021). However, the Kentucky Supreme Court recently clarified what options are available when appellate counsel fails to follow the mandates of CR 76.12, pointing out that the review of unpreserved claims of error on direct appeal shall be

---

[1] Kentucky Rule of Civil Procedure.

only for palpable error.  *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). To prevail, one must show that the error resulted in "manifest injustice."  *Id.*

We have elected to review this matter *de novo*, although our result would be the same if we considered it only for manifest injustice.  We find that the briefs and the record provide sufficient basis for this Court to address the merits of the claim asserted herein, which is essentially a dispute over the proper application of a statute that is no longer the law.

We begin our review by noting Carter does not dispute that the Extension District is a special purpose government entity ("SPGE"), defined in KRS[2] 65A.010(9) as

> (a) "Special purpose governmental entity" or "entity" means any agency, authority, or entity created or authorized by statute which:
>
> 1. Exercises less than statewide jurisdiction;
>
> 2. Exists for the purpose of providing one (1) or a limited number of services or functions;
>
> 3. Is governed by a board, council, commission, committee, authority, or corporation with policy-making authority that is separate from the state and the governing body of the city, county, or cities and counties in which it operates; and

---

[2] Kentucky Revised Statute.

4. a. Has the independent authority to generate public funds; or

b. May receive and expend public funds, grants, awards, or appropriations from the state, from any agency, or authority of the state, from a city or county, or from any other special purpose governmental entity.

The statute goes on to list agricultural extension services as an example of a SPGE. KRS 65A.010(9)(c)15.

In granting summary judgment in favor of the Extension District, the circuit court looked to KRS 65A.100. Although repealed effective January 1, 2021, the statute was in effect at the time the Extension District levied the tax in 2017, and provided, in relevant part,

(1) Beginning January 1, 2014, the provisions of this section shall apply to any fee or ad valorem tax levied by a [SPGE] that is otherwise not required by statute or ordinance to be adopted or approved through an official act of an establishing entity.

(2) Except as provided in subsection (4) of this section, any [SPGE] that:

(a) 1. Adopts a new fee or ad valorem tax;

2. Increases the rate at which an existing fee or tax, other than an ad valorem tax, is imposed; or

3. Adopts an ad valorem tax rate; shall report the fee or tax to the governing body of the establishing entity in which the largest

number of citizens served by the [SPGE] reside. If the [SPGE] serves only the residents of a city, the notice shall be provided to the governing body of that city.

(b) The report required by paragraph (a) of this subsection shall be for informational purposes only, and the governing body shall not have the authority to adjust, amend, or veto the fee or tax, provided that any other provision of the [KRS] that provides greater authority for the governing body of a city or county over taxes, fees, or rates imposed by a [SPGE] shall continue to apply to those taxes, fees, or rates.

The circuit court concluded that neither KRS 65A.100 nor any other statute required the Extension District to obtain approval from the Oldham County Fiscal Court prior to levying the ad valorem tax. The circuit court also concluded the Extension District fully complied with the mandates of KRS 65A.100 and the tax was legally authorized by the statute. As noted by the circuit court, KRS 65A.100 was repealed and replaced by KRS 65A.110 on January 1, 2021. The new statute instructs the establishing body of a SPGE (here, the Oldham County Fiscal Court) to approve or disapprove the proposed tax, which, moving forward, conforms to Carter's position in the instant action.

The circuit court rejected Carter's argument that KRS 67.083(3)(q) "provides greater authority for the governing body of a city or county over taxes,

-7-

fees, or rates imposed by a [SPGE]" pursuant to KRS 65A.100(2)(b).[3]  We agree.

Nothing in KRS 67.083 requires the tax levied by the Extension District to be

adopted or approved through the Oldham County Fiscal Court.  It provides only

that the fiscal court *may* levy taxes in performance of certain public functions.

KRS 67.083(3).

Secondly, the circuit court also rejected Carter's reliance on an

opinion from the Trigg Circuit Court entered August 25, 1989, which found that an

extension district was not authorized to levy a tax.  An opinion from a circuit court

generally has little to no precedential value.  *Bell v. Commonwealth, Cabinet for*

*Health and Family Services, Dep't for Cmty. Based Services*, 423 S.W.3d 742, 751

(Ky. 2014).  Moreover, the Trigg Circuit Court's decision was entered

---

[3] The applicable portion of KRS 67.083 argued by Carter reads:

> (3) The fiscal court shall have the power to carry out governmental
> functions necessary for the operation of the county.  Except as
> otherwise provided by statute or the Kentucky Constitution, the
> fiscal court of any county *may* enact ordinances, issue regulations,
> levy taxes, issue bonds, appropriate funds, and employ personnel
> in performance of the following public functions:
>
> . . .
>
> (q) Cooperation with other units of government and
> private agencies for the provision of public services,
> including, but not limited to, training, educational
> services, and cooperative extension service
> programs[.]

(Emphasis added.)

approximately twenty-four years before the Kentucky legislature created KRS Chapter 65A. The Oldham Circuit Court's rejection of an opinion from another circuit court was not in error.

In contrast, the circuit court did rely on an opinion of the Kentucky Attorney General, *Cecil Watkins*, OAG 18-005, 2018 WL 1028898 (Ky. OAG Feb. 15, 2018). Although the Attorney General's opinion did not examine KRS 65A.100, it nevertheless reasoned that KRS Chapter 164 also authorized a cooperative extension service district to levy a tax without approval from a fiscal court. "This Court may give great weight to the reasoning and opinion expressed in Attorney General's opinions." *Woodward, Hobson & Fulton, L.L.P. v. Revenue Cabinet*, 69 S.W.3d 476, 480 (Ky. App. 2002) (internal quotation marks and citation omitted). Accordingly, the circuit court did not err in looking to the opinion of the Attorney General for guidance.

For the reasons stated herein, we affirm the Oldham Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Lee E. Sitlinger
Louisville, Kentucky

BRIEF FOR APPELLEES OLDHAM
COUNTY EXTENSION DISTRICT
AND OLDHAM COUNTY
EXTENSION BOARD:

Jon Salomon
Kristin E. McCall
Louisville, Kentucky

BRIEF FOR APPELLEES OLDHAM
COUNTY FISCAL COURT AND
JUDGE EXECUTIVE DAVID
VOEGELE:

Carol S. Petitt
Adam E. Fuller
Pewee Valley, Kentucky